UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TORRI DIERRE WILLIAMS,

                Plaintiff,              Case No. 1:24-cv-13144

v.                                          Honorable Thomas L. Ludington
                                             United States District Judge

MACOMB COUNTY, and
RICHARD CARETTI,[1]

                Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT, DENYING MOTION FOR DAMAGES AS MOOT, AND DENYING ABILITY TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

In September 2023, Macomb County Circuit Court Judge Richard Caretti sentenced Plaintiff Torri Dierre Williams to 2 to 7½ years of imprisonment for violating conditions of his probation. While confined at a correctional facility in Baraga County, Michigan, Plaintiff—proceeding *pro se* and *in forma pauperis*, sued Judge Caretti and Macomb County. Plaintiff alleges these Defendants violated his Fourth Amendment rights by falsely imprisoning him and failing to adequately investigate his underlying probation violations. Plaintiff also suggests that he has been subject to Eighth Amendment deliberate indifference while confined at Baraga.

After screening Plaintiff's Complaint under the Prisoner Litigation Reform Act, it must be dismissed for failure to state a claim. As explained below, Plaintiff's false imprisonment claims are barred by the doctrine of *Heck v. Humphrey*, Judge Caretti is immune, and Plaintiff has not pleaded any facts to support Macomb County's liability as a municipality. The dismissal is without

---

[1] The Court notes that Defendant Judge Caretti's name appears on the case caption as "Richard L. Carett." *See* ECF No. 1. But public state-court records reflect that his name is Richard L. Caretti.

prejudice to Plaintiff's ability to re-assert his Eighth Amendment claims against the proper defendants—not named here—in another complaint. The dismissal will be with prejudice in all other respects.

## I.

In April 2021, Plaintiff Torri Dierre Williams was sentenced in Macomb County, Michigan, to two years of probation after pleading guilty to retail fraud in violation of MICH. COMP. LAWS § 750.356. *See* ECF No. 1 at PageID.21; *see also People v. Williams*, 2020-001314-FH (16th Cir., Macomb Cnty., Mich.); *People v. Williams*, 2020-002389-FH (16th Cir., Macomb Cnty., Mich); *Offender Tracking Information System (OTIS) Search*, MICH. DEP'T OF CORR., https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=577532 (last visited Mar. 11, 2025).

While on probation, Plaintiff was arrested in Wisconsin and charged with arson and sexual assault. ECF No. 1 at PageID.6–7. Although these charges were later dismissed, Plaintiff was extradited to the State of Michigan for violating the terms of his probation. *Id*. The relevant Macomb County Circuit Court dockets reflect that, in September 2023, Plaintiff pleaded guilty to his probation violations, and Macomb County Circuit Court Judge Richard Caretti sentenced Plaintiff to 2 to 7½ years of imprisonment. *See Williams*, 2020-001314-FH (16th Cir., Macomb Cnty., Mich., Sept. 21, 2023); *Williams*, 2020-002389-FH (16th Cir., Macomb Cnty., Mich., Sept. 21, 2023).

On November 26, 2024, Plaintiff—while confined at the Baraga Correctional Facility in Baraga, Michigan—filed a *pro se* Complaint against Judge Caretti and Macomb County. ECF No. 1. Plaintiff alleges these Defendants falsely imprisoned him and failed to adequately "investigate" his underlying probation violations, in violation of his Fourth Amendment rights and

42 U.S.C. § 1982. *See id.* at PageID.4. Although unclear, the thrust of Plaintiff's argument is that his current probation-violation sentence is unconstitutional because the Wisconsin municipality dismissed the underlying sexual assault and arson criminal charges. *Id.* at PageID.6. (alleging law enforcement "failed to contact Michigan to let them know [the charges were] dismissed"). Plaintiff also alleges that, while confined at Baraga, he contracted a fungal infection that was not properly treated and has been "mentally, physically, and verbally abused." *Id.* at PageID.7. Plaintiff does not seek injunctive or other equitable relief, and instead seeks "10 million" dollars in damages. *Id.* at PageID.8.

On January 8, 2024, Magistrate Judge David R. Grand granted Plaintiff's application to proceed *in forma pauperis* (IFP). ECF No. 8.

## II.

By proceeding IFP, Plaintiff's Complaint is subject to Prisoner Litigation Reform Act (PLRA) screening.[2] The PLRA provides that courts should dismiss an IFP complaint before service if the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks any arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And a complaint fails to state a claim if, even when construed liberally, *Haines v. Kerner*, 404 U.S. 519,

---

[2] By enacting the federal IFP statute, "Congress 'intended to guarantee that no citizen shall be denied an opportunity to commence . . . an action . . . in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs' of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). But with increased access comes an increased need for screening, because "[a]t the same time . . . Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous . . . lawsuits.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

520–521 (1972), it does not include "a short and plain statement of the claim" showing entitlement to relief and "a demand for the relief sought[.]" *See* FED. R. CIV. P. 8. Bare "labels and conclusions" or "naked assertions" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 679 (2007). Instead, the complaint must include sufficient factual allegations to push its claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.

Plaintiff's Complaint must be dismissed for four reasons. Each will be explained in turn.

***Heck Bar.*** First, Plaintiff's Fourth Amendment claims are "*Heck* barred." *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Under *Heck*, state prisoners' 42 U.S.C. § 1983 claims are barred when, if successful, such claims "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." 512 U.S. at 487. This holds true regardless of the requested relief. *Id*. at 487–89. "The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus." *Sampson*, 917 F.3d at 881 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005)). Here, Plaintiff's Fourth Amendment unlawful imprisonment and "failure to investigate" § 1983 claims are rooted in the alleged impropriety of his probation violation proceedings. *Heck* prevents these claims from passing go.

***Judge Caretti's immunities.*** Second, to the extent that Plaintiff sues Defendant Judge Caretti in his *official capacity* as a Macomb County Circuit Court judge, Defendant Caretti is entitled to Eleventh Amendment sovereign immunity. "It is well established that" states—and state officials sued in their official capacities—"'possess[] certain immunities from suit in . . . federal courts.'" *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016) (quoting

*Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (en banc)). This immunity "protects state treasuries" and affords states the "'dignity that is consistent with their status as sovereign entities.'" *Crabbs v. Scott*, 786 F.3d 426, 428 (6th Cir. 2015) (quoting *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760 (2002)). But sovereign immunity does not preclude a suit when the state has waived such immunity or otherwise consented to suit, or if Congress has expressly abrogated the state's immunity. *See Puckett*, 833 F.3d at 598. And sovereign immunity does not bar official capacity suits against state officials if the plaintiff seeks purely prospective injunctive or declaratory relief. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008); *see also Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) ("[O]fficial-capacity actions for prospective relief are not treated as actions against the state.")

Here, Macomb County Circuit Court Judge Caretti is a state of Michigan official, such that Plaintiff's official-capacity claim against him is properly construed as a claim against the state of Michigan itself. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762–63 (6th Cir. 2010) (citing MICH. CONST. ART. VI, § 1) (stating all of Michigan's courts, including those trial level courts funded by local funding units, are part of one, unified judicial branch of the state)). But Michigan has not waived its sovereign immunity. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (cleaned up); *see also Nair v. Oakland Cnty. Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) (noting states can waive sovereign immunity (1) through legislation, (2) by removing an action from state to federal court, or (3) by appearing without objection and defending a case on the merits). Nor has Congress abrogated it. *Kerchen v. Univ. of Michigan*, 100 F.4th 751, 761 (6th Cir. 2024). And Plaintiff does not seek prospective injunctive relief, so the *Ex parte Young* exception does not apply. *See* ECF No. 1 at PageID.8. Judge Caretti is accordingly immune from Plaintiff's official-capacity claims.

And Judge Caretti is also immune to the extent that Plaintiff sues him in his *individual capacity*. Judges are entitled to absolute judicial immunity from § 1983 damages claims concerning their judicial conduct. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Plaintiff confusingly alleges he "didn't have a probation hearing," ECF No. 1 at PageID.5, but then alleges Judge Caretti improperly "objected" to a victim statement at Plaintiff's probation-violation hearing and failed to "investigate" his underlying, later dismissed, criminal conduct. *Id.* at PageID.7. No matter how liberally construed, all of Plaintiff's allegations against Judge Caretti concern his judicial conduct. Thus, he is entitled to absolute judicial immunity in his individual capacity.

**Monell *Municipality Liability.*** Third, Plaintiff's claims against Macomb County must be dismissed because Plaintiff does not plead any facts to support municipality 42 U.S.C. § 1983 liability under *Monell v. Department of Social Svs.*, 436 U.S. 658 (1978). In that case, the Supreme Court explained that a municipality cannot be liable under § 1983 merely because it employs an official who deprives a plaintiff's constitutional rights. *Id.* at 691. Instead, a municipality can only be subject to § 1983 liability when its *policy or custom* causes the constitutional deprivation. *Id*. at 692. Indeed, the municipal policy or custom "must be the moving force" behind the plaintiff's alleged constitutional deprivation. *S.H.A.R.K. v. Metro Parks*, 499 F.3d 553, 563 (6th Cir. 2007).

But, here, Plaintiff does not allege any facts that even plausibly suggest Macomb County had a policy or custom, let alone one that caused his alleged constitutional injuries. *See generally* ECF No. 1. Thus, the § 1983 claims against Macomb County must be dismissed.

***Plaintiff's alleged medical needs and assault.*** Liberally construed, Plaintiff's Complaint also alleges he was subject to Eight Amendment deliberate indifference while confined at Baraga, because his "fungal infection" was not treated, and he was repeatedly physically assaulted by other inmates. *Id.* at PageID.7. This claim involves the *conditions* of Plaintiff's *confinement* rather than the validity of his conviction, so *Heck* poses no bar. However, Plaintiff does not allege Defendants Caretti or Macomb County were responsible for this purported deliberate indifference. Nor could he. Judge Caretti is not plausibly responsible for the conditions of Plaintiff's confinement at Baraga and is otherwise immune. And Baraga Correctional—located in Baraga County—is an eight-hour drive from Defendant Macomb County. While the Michigan Department of Corrections or a Baraga correctional officer may be a proper defendant for this Eighth Amendment claim, Plaintiff does not sue them here. *See* ECF No. 1. So the Court's dismissal of Plaintiff's Complaint will be without prejudice only to allow Plaintiff to re-file and re-assert an Eighth Amendment deliberate indifference claim against proper defendants.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED.** This dismissal is **WITH PREJUDICE** as to Plaintiff's Fourth Amendment claims against Macomb County and Judge Caretti but **WITHOUT PREJUDICE** as to Plaintiff's Eighth Amendment claims concerning the conditions of his confinement at Baraga Correctional Facility.

Further, it is **ORDERED** that Plaintiff's Motion for Monetary Damages, ECF No. 12, is **DENIED AS MOOT.**

Further, because this Court concludes that an appeal from this Opinion & Order cannot be taken in good faith, it is **ORDERED** that Plaintiff is **DENIED** the ability to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445

(1962).

**This is a final order and closes the above-captioned case.**

Dated: March 25, 2025                                    <u>s/Thomas L. Ludington</u>
                                                                                    THOMAS L. LUDINGTON
                                                                                    United States District Judge